PHARR BROS. & JENNINGS *v.* YAZOO & M. V. R. R. Co.

[72 South. 240.]

JUSTICE OF THE PEACE.   *Trial.*

In a trial of an action for damages before a justice of the peace where he sits as both judge and jury and where testimony was, introduced, it was not necessary to enter two judgments, one on the question of liability, the other for the amount of damages, but one judgment was sufficient.

APPEAL from the circuit court of Sunflower county.
HON. F. E. EVERETT, Judge.

Suit by Pharr Bros. & Jennings against the Yazoo & Mississippi Valley Railroad Company. Judgment in justice court for plaintiff, to review which defendant brought *certiorari* to the circuit court, which rendered judgment for defendant and plaintiff appeals.

The facts are fully state in the opinion of the court.

*M. B. Grace,* for appellants.

*Mayes, Wells, May & Sanders,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellants here, plaintiffs in the court below, filed suit in a justice of the peace court of Sunflower county against the Yazoo & Mississippi Valley Railroad Company and other defendants for damages on account of the loss in weight of forty-two bales of cotton. Judgment by default was rendered against the railroad company in the justice of the peace court. There was no jury in this court, and the case was tried before the justice of the peace sitting as judge and jury. The judgment rendered by him, among other things, stated that, the court having heard all of the evidence, it is the judgment of the court that plaintiffs have and recover of the railroad company the sum of one hundred and five dollars and seventy cents. No appeal was taken by the defendant to the circuit court, but a petition for a writ of *certiorari* was filed in the circuit court within six months, in which it was averred that no evidence was introduced as to the amount of damages sustained by the plaintiffs before the justice of the peace; and also that the judgment was by default; and for these reasons the judgment was void. The petition for *certiorari* was granted. A motion to dismiss the writ was overruled in the circuit court, and judgment rendered setting aside the

judgment of the justice of the peace and granting a trial *de novo*. When the case came on in the circuit court for trial on its merits, the plaintiffs declined to introduce any testimony, and judgment final was rendered in favor of the defendant, from which proceedings this appeal is prosecuted.

It is the contention of the appellee in this court that, since this was a suit for damages, and that there were two issues involved, viz., the question of liability, and also the question of the amount to be awarded after the liability was determined, these two questions were separate and distinct from each other, and that for this reason the appellant should have taken two separate judgments, viz., one adjudging the liability, and a separate one, upon the evidence, adjudging the amount of damages.

While this might be technically correct in the circuit court, it is not applicable to a case tried in a justice of the peace court where a justice of the peace sits as both judge and jury and where testimony was introduced. In this case, the justice of the peace did no more than is done in all *delicto* cases by the jury. The verdicts of juries always settle these two propositions, viz., the liability and the amount of same. We therefore think that the judgment rendered in the justice of the peace court in this case was proper. The judgment of the lower court is therefore reversed, and judgment rendered here for appellants, for the amount of the judgment rendered in the justice of the peace court.

*Reversed and judgment here for plaintiff.*